MELINDA L. HAAG CSBN 132612
United States Attorney
DONNA L. CALVERT
Regional Chief Counsel, Region IX,
Social Security Administration
THEOPHOUS H. REAGANS, CSBN 189450
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8943
    Facsimile: (415) 744-0134
    E-Mail: Theophous.Reagans@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DAVID CASTILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security,<br><br>    Defendant. | CIVIL NO. 13-1307-NJV<br><br>STIPULATION AND ~~PROPOSED~~ ORDER SETTLING ATTORNEY'S FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of SIX THOUSAND SEVEN HUNDRED dollars and 00 cents ($6,700.00) and expenses in the amount of THREE HUNDRED AND FIVE dollars and zero cents ($305.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

    After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the

Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and costs, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted,

Dated: June 20, 2014     /s/ *David Chermol*
                         *(As authorized via email)*
                         DAVID CHERMOL
                         Attorney for Plaintiff

Dated: June 20, 2014     MELINDA L. HAAG
                         United States Attorney
                         DONNA L. CALVERT
                         Regional Chief Counsel, Region IX
                         Social Security Administration

                         /s/ *Theophous H. Reagans*
                         THEOPHOUS H. REAGANS
                         Special Assistant U.S. Attorney

                         Attorneys for Defendant

**ORDER**

**APPROVED AND SO ORDERED:**

Dated: June 23, 2014



NANDOR J. VADAS
United States Magistrate Judge